CULPEPPER IP, LLLC
Kerry S. Culpepper, Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:  (808) 464-4047
Facsimile:  (202) 204-5181
E-Mail:     kculpepper@culpepperip.com

Attorney for Movants
AFTER MOVIE II, LLC et al.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: SUBPOENA TO INERGEX HOLDINGS, LLC | Case No.: 1:24-mc-73<br><br>(Copyright)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL NONPARTY INERGEX HOLDINGS, LLC TO RESPOND TO SUBPOENA** |

**MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL
NONPARTY INERGEX HOLDINGS, LLC TO RESPOND TO SUBPOENA**

AFTER MOVIE II, LLC, BADHOUSE STUDIOS, LLC, BODYGUARD PRODUCTIONS, INC., DALLAS BUYERS CLUB, LLC, HANNIBAL

1

CLASSICS INC., I AM WRATH PRODUCTION, INC., LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., PARADOX STUDIOS, LLC, RAMBO V PRODUCTIONS, INC., SCREEN MEDIA VENTURES, LLC, VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE, LLC, HITMAN TWO PRODUCTIONS, INC., and CINELOU FILMS, LLC ("Movants"), by and through their counsel, move this Court to grant an order: compelling nonparty INERGEX HOLDINGS LLC ("Inergex") to fully produce documents in response to Plaintiffs' subpoena. This Motion is pursuant to Federal Rules of Civil Procedure 26(b)(1), 34(c), and 45(d)(2)(B)(i) as well as Local Rules 7.1 and 37.2

## I.  BRIEF FACTUAL AND PROCEDURAL HISTORY

On Oct. 1, 2021, Plaintiffs filed a First Amended Complaint ("FAC") in a case currently pending in federal district court for the District of Colorado, against Defendant WIDEOPENWEST FINANCE, LLC ("WOW"), a provider of Internet and cable TV services. The FAC in the Colorado matter alleges, *inter alia*, that WOW is secondarily liable for WOW's subscribers' infringements of copyrights in Plaintiffs' various motion pictures (collectively, the registered "Works") and

violations of the integrity of copyright management information ("CMI") in digital copies of Plaintiffs' Works (these alleged violations, the "DMCA violations"). *See After II Movie, LLC, et al., v. WideOpenWest Finance, LLC*, et al., No. 1:21-cv-1901-DDD-MEH (D. Col.) ("*After II*") at Doc. #25. The FAC is the current operative pleading in *After II*.

The *After II* FAC alleges that WOW's subscribers used WOW's Internet service to pirate Plaintiffs' movies thousands of times by sharing illegitimate file copies of the Works, with CMI modified, to refer to notorious movie piracy websites, such as YTS and RARBG. The FAC further alleges that Plaintiffs' agents as well as agents of other copyright holders sent WOW tens of thousands of notices informing of its subscribers' ongoing piracy, but WOW took no meaningful action in response to the notices. *See id.*

On Oct. 29, 2021, WOW filed a motion to dismiss the *After II* FAC in which it asserted: "For the entire period relevant to this case, WOW has had in place a safe harbor policy pursuant to the Digital Millennium Copyright Act ("DMCA"), under which WOW terminates the accounts of accused copyright infringers in appropriate circumstances." *See After II* at Doc. #35.

On Mar. 31, 2023, the District of Colorado denied WOW's motion to dismiss Plaintiffs' secondary liability claims. In that opinion, the Colorado Court

3

acknowledged that the Plaintiffs had sufficiently pleaded in the *After II* FAC "that Defendant's advertisements for high download speeds and known practice of ignoring or failing to act on notices of infringement serve as a draw for subscribers." *After II* at Doc. #128, p9.

On May 5, 2023, WOW filed an Amended Answer and Affirmative Defenses to the FAC where it *inter alia*: (i) denied that its subscribers use BitTorrent to infringe Plaintiffs' rights; (ii) denied that Plaintiffs had sent it thousands of notices; (iii) denied that it could control the conduct of its subscribers or that it monitored or controlled the conduct of its subscribers; and (iv) asserted that Plaintiffs' claims were barred because "…Defendant has adopted and reasonably implemented, and has informed subscribers and account holders of, a policy that provides for the termination of internet service in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers." *After II* at Doc. #145, pp 48-49.

Documents turned over in discovery show that WOW engaged Inergex to correct flaws with its purported software system for identifying subscribers assigned Internet protocol ("IP") addresses in notices of infringement sent by copyright holders. Particularly, Inergex identified problems with WOW's software system and proposed solutions. It appears that WOW rejected Inergex's proposals for its own in-house solution. But shortly thereafter, the same flaws again caused WOW to fail to

4

be able to identify subscribers ass IP address in notices of copyright infringement. Documents from Inergex will show that WOW explicitly had knowledge that its software system failed to identify subscribers of IP address in notices but continued to use it. WOW cannot argue that it has a policy for terminating subscribers that are repeat infringers sufficient for the safe harbor when it knows it cannot even identify its subscribers.

On Jan. 2, 2024, Movants issued a subpoena duces tecum from the District of Colorado, with a response deadline of Jan. 16, 2024, to be served on Inergex requesting certain documents and communications with WOW personnel concerning copyright infringement and the specific software issues Inergex was engaged to analyze. *See* Ex. "1". The place of compliance is Hawaii. *See id.* Inergex was served the subpoena duces tecum on Jan. 3, 2024. *See* Ex. "2".

On Jan. 19, 2024, Plaintiffs' counsel sent Inergex a letter informing it that the response deadline had passed without reception of a response or objection and requesting to know by Jan. 26, 2024 whether a response would be forthcoming. *See* Ex. "3". As of the date of this motion, neither Inergex nor any representative on its behalf has served any response to the subpoena or informed Plaintiffs' counsel that a response was forthcoming.

**II.     ARGUMENT**

5

### A.    *Legal Standard*

Federal Rule of Civil Procedure 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Rule 34(c) states "As provided in Rule 45, a nonparty may be compelled to produce documents…" Fed. R. Civ. P. 34(c).

Rule 45(a)(1)(D) provides for a party to serve subpoenas to produce documents on non-parties. *See* Fed. R. Civ. P. 45(a)(1)(D). Rule 45(d)(2)(B)(i) provides that "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

### B.    *The Discovery Requested is Relevant and Proportional to the Needs of the Case.*

The documents Movants request from Inergex in the Rule 45 subpoena are clearly relevant and proportional to the needs of the case. Documents responsive to the subpoena will refute WOW's safe harbor defense by proving that it has failed to implement a policy for terminating subscribers that are repeat infringers. Particularly,

6

documents from Inergex will show that WOW knew its system cannot even *identify* which of its subscribers are repeat infringers, much less terminate those subscribers.

### C.  *Inergex Failed to Serve Any Response to the Subpoena.*

Inergex was served the subpoena on Jan. 3, 2024. *See Ex*. "2". However, Inergex failed to serve any response. In failing to serve a response, Inergex has failed to identify any burden associated with producing the requested documents. Accordingly, Inergex has waived its opportunity to make objections. See Fed. R. Civ. P. 45(d)(2)(B) (an "objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."). Moreover, Inergex has also ignored a letter from Movants' counsel requesting to know whether a response was forthcoming. *See* Ex. "3'.

### III.  CONCLUSION

Accordingly, Movants pray that this Court grant its motion to compel Nonparty Inergex to fully respond to the subpoena within 7 business days and grant them any other relief that justice dictates.

DATED: Kailua Kona, Hawaii, Jan. 28, 2024.

>                    Respectfully submitted,
>
>                    */s/ Kerry S. Culpepper*
>                    Kerry S. Culpepper, Bar No. 9837
>                    **CULPEPPER IP, LLLC**

75-170 Hualalai Road
Suite B204
Kailua-Kona, HI  96740
808.464.4047 – Telephone
kculpepper@culpepperip.com

*Attorney for Plaintiff*

8